UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEPHEN A. THOMAS, PLC,

      Appellant,                      CASE NO. 06-CV-11599
                                            BANKRUPTCY NO. 05-40042-R

-vs-

                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

THE BANKRUPTCY ESTATE OF
MURPHY D. JONES,

      Appellee.

_____/

**OPINION AND ORDER
(1) REVERSING THE DECISION OF THE BANKRUPTCY COURT;
AND (2) REMANDING THE CASE TO THE BANKRUPTCY COURT TO GRANT
APPELLANT A HEARING**

Before the Court is an appeal of the bankruptcy court's March 31, 2006 Opinion and Order Upon Remand on the matter of a fee application submitted by a debtor's attorney ("Appellant"). This is the second appeal in this case. This Court held an initial appeal hearing on November 2, 2005, and remanded the case to the bankruptcy court. On January 31, 2006, after the initial remand, Appellant requested a hearing before the bankruptcy judge. That request was ignored by the bankruptcy judge, who issued his second opinion on March 31, 2006. *See In re Jones*, 339 B.R. 903 (Bankr. E.D. Mich. 2006).

Appellant has now appealed that second bankruptcy court opinion. This Court held a second hearing on appeal on December 21, 2006.

Having considered the entire record, and for the reasons that follow, this Court

1

REVERSES the decision of the bankruptcy court and REMANDS the case consistent with this Order.

## I.    BACKGROUND

The background of the instant appeal is recounted in this Court's November 21, 2005 Opinion and Order Remanding Fee Application Determination to Bankruptcy Court. That Order stated, in pertinent part:

> On December 2, 2004, Appellant provided Murphy Jones ("Debtor") a bankruptcy consultation. On January 3, 2005, Appellant filed a Voluntary Petition for Chapter 13 bankruptcy relief on Debtor's behalf. On April 13, 2005, Debtor's case was dismissed by the Bankruptcy Court due to poor payment history and unresolved Trustee objections. On April 19, 2005, Appellant filed a fee application. The application requested $1,917.85 in fees and $74.33 in costs.

*In re* Jones, No. 05-72387 (E.D. Mich. Nov. 21, 2005).

The Chapter 13 Trustee objected to certain parts of the fee application.

Thereafter, the bankruptcy court held a hearing on the fee application. The relevant portion of that transcript indicates that only the Appellant and the U.S. Trustee discussed Appellant's fee application, and the Trustee's position was as follows:

> $1900.00 has been requested in this case. If the total of my objections were granted, that would reduce the fee to $1372.00, and I would note that I have less than that one hand at this time.

Bankruptcy Court Hearing, May 18, 2005, Tr. 5. The bankruptcy judge thereafter stated, "I'll take this under advisement and issue a written order."*Id*. The bankruptcy judge did not discuss the fee application. He did not state, or even imply, that he was considering going below the Trustee's requested reduction to $1372.00. The bankruptcy court then issued an Order cutting Appellant's fee request to $500.

This Court's November 21, 2005 Opinion and Order further stated, in relevant part:

The Bankruptcy Court issued an Order Regarding Fee Application of Attorney for Debtor on May 26, 2005, denying Appellant's Fee Application. The order stated that at the time the Chapter 13 case was dismissed, Debtor had a 45% payment history, the plan was underfunded and there were unresolved objections to the confirmation of the plan. The court concluded that the "record create[d] a substantial question about whether this bankruptcy case should have been filed, and about whether the debtor's counsel properly screened the case for viability and feasibility."

Appellant initiated this appeal on July 13, 2005 and filed his brief on July 18, 2005. The Trustee did not file a response brief. At the motion hearing, the Trustee explained that it did not respond to the appeal because the Bankruptcy Judge did not award fees based on the Trustee's fee application objections. Indeed, Trustee counsel acknowledged that his view of proper fees for Appellant was significantly higher than the $500 flat fee awarded by the Bankruptcy Court.

*In re* Jones, No. 05-72387.

Because the bankruptcy court failed to properly explain its reasoning for reducing counsel's fee request from $1917.85 to $500.00, far below the Trustee's position that the court reduce fees only to $1372.00, this Court's Order of November 21, 2005 remanded the case for an explanation.

### A.     Bankruptcy Court's March 31, 2006 Decision Upon Remand

After this Court's Remand, Appellant, on January 31, 2006, requested a hearing before the bankruptcy court on its fee application prior to its second ruling. The bankruptcy court did not grant Appellant's request – indeed, there was no response from the bankruptcy court to this request.

On March 31, 2006, the bankruptcy court issued an Order, again ruling that Appellant was only entitled to a $500.00 fee plus costs. The bankruptcy court concluded that Appellant should have known that his client could not have feasibly filed a Chapter 13 plan due to the

3

debtor's substantial mortgage arrearage. The bankruptcy court further stated that, in its opinion, the case should have been filed under Chapter 7, if at all. The bankruptcy court concluded, as additional grounds for its fee cut, that when the case was dismissed, the debtor did not obtain the benefit of a discharge. *In re* Jones, 339 B.R. at 905. In the opinion of the bankruptcy judge, the only benefit that the debtor received from filing the action was a 100-day stay on his mortgage foreclosure proceedings. *Id*.

Relying upon *In re* Boddy, 950 F.2d 334 (6th Cir. 1991), 11 U.S.C. § 330(a), Fed. R. Bankr. P. 9011(b), and further citing to the Michigan Rules of Professional Conduct 1.0 and 2.1 ("MRPC"), the bankruptcy court noted that "no hours of service beyond those hours reasonably expended to file the case and obtain the stay are reasonably compensable." *In re* Jones, 339 B.R. at 906.

Thus, the bankruptcy court's opinion on remand, went beyond a discussion of attorney's fees to impliedly, if not directly, cast aspersion of Appellant's professional conduct:

> Moreover, the debtor's attorney has a duty to exercise independent judgment on behalf of the client, *Mich. R. Prof. Conduct 2.1*, and thus cannot file a chapter 13 case simply because the client so instructs. Indeed, this duty of independent judgment is consistent with, and not in conflict with, the attorney's duty of zealous advocacy under *Mich. R. Prof. Conduct 1.0*, because sometimes zealous advocacy of the client's best interests means that the attorney must advise the client not to proceed with a chapter 13 case.

*Id*. at 904 (emphasis added).

### B. Appellant's Arguments

Appellant argues that the bankruptcy court (1) did not take into account all of the factors enumerated in 11 U.S.C. § 330(a) in determining reasonable fees; (2) improperly applied the Bankruptcy Sanctions Rule and the MRPC to the facts; (3) did not permit Appellant to explain

the situation at a hearing; and (4) disregarded the fact that Appellant's client had successfully completed a previous Chapter 13 case, in finding that Appellant's instant Chapter 13 filing had no merit.

## II.  ANALYSIS

### A.  Standard of Review

A reviewing court will not set aside a bankruptcy court's factual findings under they are clearly erroneous, and its conclusions of law are reviewed *de novo*. *In re* Laguna Assocs. Ltd. P'ship, 30 F.3d 734, 737 (6th Cir 1994). A district court reviews a bankruptcy court's decision to award or reduce attorney's fees for abuse of discretion. *In re* Downs, 103 F.3d 472, 478 (6th Cir. 1998). A court abuses its discretion when the court's (1) decision is based on an erroneous conclusion of law, (2) the court's findings are clearly erroneous, or (3) the court's decision is unreasonable, arbitrary, or fanciful. *In re* M.T.G., Inc., 298 B.R. 310, 317 (E.D. Mich. 2003).

### B.  Appellant's Arguments

This Court finds that the decision (1) denying Appellant a requested hearing concerning the bankruptcy court's sua sponte reduction of his fee request after Remand, and then (2) implying in his opinion on Remand that Appellant violated the Michigan Rules of Professional Conduct, without providing him a hearing, was an abuse of discretion, insofar as it denied Appellant due process – a chance to be heard before being impacted financially and professionally. First, the bankruptcy court, without any notice or hearing, drastically cut Appellant's fee request. Second, after Appellant succeeded on appeal and requested a hearing on remand to justify his fee request, the bankruptcy court, without providing Appellant a hearing, issued an Opinion that continued the drastic cut in Appellant's fee request, and further went on

to challenge Appellant's professional reputation by strongly implying, if not stating, that Appellant's conduct was not proper under the MRPC.

### III.     CONCLUSION

This Court REVERSES the decision of the bankruptcy court and REMANDS the case to the bankruptcy court to hold a hearing at which Appellant can argue the merits of his fee request and the validity his professional conduct. This is necessary to afford the Appellant the due process, which has been absent from the proceedings in the bankruptcy court – an ample and a meaningful opportunity to be heard on the fee issue and on the issue of his professional conduct.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 25, 2007.

s/Denise Goodine
Case Manager